# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2013

No. 12-50751
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MILTON JOEL ANDARADE-VALLE, also known as Milton Joel Andrade-Valle,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1853-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Milton Joel Andarade-Valle challenges his 90-month, within-Guidelines sentence as substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He contends: the illegal reentry Guideline, § 2L1.2, is unreasonable because it lacks an empirical basis; under the Guideline, his prior drug-trafficking conviction was used to increase his offense level and criminal-history score, resulting in double counting; the advisory Guidelines sentencing range failed to account for his mitigating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

personal history and characteristics; and a presumption of reasonableness should not apply to a within-Guidelines sentence imposed under § 2L1.2. He concedes this last issue is foreclosed, *see United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009), and raises it only to preserve it for possible further review.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Because Andarade does not claim procedural error, we consider only the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Gall*, 552 U.S. at 51.

Andarade's claiming § 2L1.2 is unreasonable because it is not empirically based is foreclosed by our court's precedent. *See Duarte*, 569 F.3d at 529-31. Also foreclosed is his contending a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline. *See id.* at 529-31. Further, the record reflects the court balanced Andarade's mitigation factors against other § 3553(a) factors, including the need for adequate deterrence and the need to protect the public from further crimes. The court stated a within-Guidelines sentence of 90 months was "not only appropriate but necessary to serve all the statutory purposes that [the court] outlined".

Andarade has failed to show his within-Guidelines sentence "does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of

judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The presumption of reasonableness will not be disturbed. *E.g.*, *Cooks*, 589 F.3d at 186; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.